Kathy Goodman
7519 N 12th St #6
Phoenix, AZ 85020
602-761-0395

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

KATHY GOODMAN
Plaintiff
  Pro Se
v.
BASHAS' INC.
Defendant

Case No. CV-17-01668-PHX-SPL

**COMPLAINT**

## JURISDICTION

This action involves application of the Family and Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. § 2601 et seq. This court has jurisdiction of this action pursuant to 29 U.S.C. § 2617 and 28 U.S.C. § 1331.

## GENERAL ALLEGATIONS

Plaintiff worked as a full time employee for the Defendant for the past 14 years prior to her termination on January 26th 2017. Both parties meet the criteria for FMLA regulations.

May 2016 Plaintiff requested from store management to have Tuesdays off to take her sister (because her sister's husband and daughter were serving the military overseas) to her cancer treatments until October 2016 (when her sister's daughter was scheduled to return). Defendant agreed and scheduled Monday and Tuesday as Plaintiff's regular days off each week.

July 2016 Plaintiff's supervisor started to schedule Plaintiff to work on some Tuesdays without informing Plaintiff.

August 2016 Plaintiff received a disciplinary warning for calling in sick on a Tuesday that she was scheduled to work.

October 2016 the situation had escalated to threats of terminating Plaintiff's employment, but ended because the Plaintiff was no longer needed to help the sister to her treatments.

In December 2016, Plaintiff informed the Defendant with a doctors notification that Plaintiff would not be able to work from December 16-23 because of emergency oral surgery. Plaintiff requested to use her paid sick days and returned to work on December 24th. Despite the Defendant having been provided with adequate information that the leave was FMLA qualifying they made no such designation as required and provided no notifications to Plaintiff until demanding the Plaintiff complete a FMLA request form two weeks after returning to work . When Plaintiff questioned the demand she was terminated for insubordination.

## COMPLAINT
### FMLA Interference

Defendant interfered by not informing Plaintiff if the leave was or was not qualifying as FMLA protected leave and there by leading Plaintiff to assume the leave was approved as FMLA since Defendant granted the time off. Reading the language of the FMLA and the interpreting regulations together, the Second Circuit found that an employee can "generally assume that she is protected by the FMLA unless informed otherwise." As a result of the interference, Plaintiff suffered damages by receiving disciplinary actions and ultimately termination.

## DEMAND

Reinstatement of employment

Lost wages from January 26th until reinstatement

Reinstatement of all benefits

Paid Vacation Hours and Paid Sick Hours restored

Liquidated Damages - An employer's ignorance of their FMLA responsibilities fails to establish relief from liquidated damages. 29 U.S. C. 2617(a0(10(A)(iii).

*Kathy Goodman*
5/30/2017

EEOC Form 161 (11/16)      U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

To: Kathy Goodman  
7519 N. 12th St.  
Apt 6  
Phoenix, AZ 85020

From: Phoenix District Office  
3300 North Central Ave  
Suite 690  
Phoenix, AZ 85012

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 540-2017-01112 | Jeremy A. Yubeta, Supervisory Investigator | (602) 640-5028 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other (briefly state)

## - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

Elizabeth Cadle,  
District Director

FEB 2 8 2017  
(Date Mailed)

Enclosures(s)

cc: Greg J. Tucek  
General Counsel  
BASHAS  
22402 S. Basha Rd.  
Chandler, AZ 85248